# ALLEGHENY COUNTY,

## June Term, 1798.

PENNSYLVANIA *v.* JOHN LEACH, WILLIAM LEACH, THOMAS LEACH, and WILLIAM M'LURGH.

THIS was an indictment for a forcible Entry, on 28th *February* last, on a tract of land in possession of *George Konkle*

*Konkle* had bought an old improvement, where there were trees deadened, and potatoes planted. He built a cabbin partly of logs lying cut, and partly of logs cut by him at that time. The *Leaches* had deadened some trees, and cleared some ground on this land. They threw down *Konkle's* cabbin, and built another with the logs of it in another place. *M'Lurgh* assisted them in building this other cabbin. Neither *Konkle* nor *Leach* lived then on the land. *Konkle* lived with his family on another tract of land, which he had bought, two or three miles from this; he was himself generally in this cabbin with some of his goods; and the evening before the *Leaches* pulled down his cabbin, he had gone home, to sell meat to one who wanted it from him; but went unwillingly, for fear that the *Leaches* should go into his cabbin, while he was absent. When he returned next day, he found them pulling down his cabbin. *J. Leach*, with a gun in his hand, told *Konkle*, he must not work more there. While he was taking away some of his clapboards, to make a temporary shelter for his family, *J. Leach* came up to him, and shook him by the breast. One said, " strike him;" *T. Leach* said, " Don't strike

him;" *M'Clurg* faid nothing. *W. Leach* threw him 1798. againſt a log. Afterwards he went back, when the *Leaches* were not there, built another cabbin clofe to the door of that which the *Leaches* had built of the logs of his firſt, brought his family there, and lived in it. While he was making a fence, *J. Leach* threw him down, and threw down his fence, on which his wife was fitting. He defiſted. The *Leaches* took the rails which he had made, fenced and cultivated ground, which he had begun to clear, before he brought his family there. He went and cleared in another place. Both he and they occupy cleared ground on this tract, and have grain growing on it.

*Collins* and *Campbell*, for the defendants, propofed, *Gilb. L. of* that *M'Clurg*, as they faid no proof of force by him had *Ev.* 134. been given, ſhould be examined as a witnefs.

*Woods*, for the profecutor. All who accompany the perfon ufing the force are guilty. It has been proved, that *M'Clurg* was prefent and affifting to build, into a cabbin for *Leach*, the logs which had been thrown down from the cabbin of *Konkle*. Whether there be fuch a poffeffion, as will be protected againſt a forcible entry is a queſtion of fact. If there be any teſtimony, though *Gilb. L. of* not enough to convict, in the judge's opinion, fuch *Ev.* 134 5. perfon can be no witnefs: for his guilt or innocence muſt wait the event of a verdict; and a jury, of their own knowledge may have farther light in the fact, than what they hear from the witneffes in court.

PRESIDENT. Whether, if there be evidence of poſ- feffion, that evidence be true, is a queſtion of fact to be determined by the jury. But admitting the teſtimony as true, whether there be fuch poffeffion proved as will be protected againſt a forcible entry, is a queſtion of law to be determined by the court. I lay no ſtrefs on any knowledge which the jury may have, not drawn from evidence given before the court. This would de- ſtroy all principles, and render it impoffible for courts to give new trials. If any juror has knowledge of facts not given in evidence, he ought to declare it, and be ſworn as a witnefs. If circumſtances be proved, from which it is poffible for the jury to prefume facts amounting to guilt, the perfon againſt whom thofe cir-

*A a*

cumftances have been proved cannot be received as a witnefs.

The cabbin built by *Konkle* does not feem to have been his *home*. His *home*, his houfe and his family were two miles from this place. But while he was in it, or on the land, it was a temporary home, and, as fuch, while fo occupied, it is protected againft force. Proof of force, and of an entry by force has been made. And, if this force was exerted, while he was in the houfe, or on the land, there is an offence. The guilt or innocence, therefore, turns on this queftion; was *Konkle* in the houfe, or on the land, when *Leach* made this entry? This is a queftion of fact, and, however improbable, we are not the judges of its probability or improbability; fince there are circumftances from which the jury may prefume it. Therefore, though, the profecutor being a competent witnefs, we might lean to the admiffion of this defendant, as a mean of producing an elucidation of the facts; we do not feel ourfelves at liberty to admit *M'Clurgb* to give evidence on this trial.

*Collins* then offered in evidence a warrant for this land, and a furvey of it made on this warrant.

*Woods.* No right will authorife an entry by force, on the poffeffion of another. If there was no poffeffion in another, there is no offence.

*Collins.* I offer the warrant and furvey, to fhew that *Leach* had a right, under the act of affembly, to make an entry in order to make a fettlement.

PRESIDENT. The warrant and furvey gave a right to enter, and make the fettlement. But the entry muft be peaceable. If a previous poffeffion be taken, and will not be abandoned from the influence of perfuafion, force muft not be ufed. The perfon having the right by warrant to enter, if prevented from making his fettlement, by the poffeffion of another, whom he cannot remove without committing an offence, cannot, from fuch failure, be fuppofed to lofe his right.

This would feem to me to be the true doctrine, on general principles. Whether the peculiar nature of the act of affembly, under which thefe fettlements are made, ought to diftinguifh cafes under it from other cafes, may perhaps be made a fubject of difcuffion. It may perhaps be contended, that one who has a warrant, and has done,

1798.

or caufed to be done, fome work on the land claimed by this warrant; if, while the perfon employed in making fuch fettlement, is occafionally abfent, another comes on the land; may turn this other off by force. On this I fay nothing.

But may not one having made a furvey on a warrant, give in evidence this furvey, not as eftablifhing a right, but as circumfcribing the bounds of his poffeffion?

It was then admitted, that *Leach* had a warrant and furvey, and that *Konkle* was within this furvey.

It was proved, for the defendants, that in fpring 1797 (the two cabbins were then built) *Konkle* being afked who cleared a certain field, faid, *John Leach* had cleared it; and that he faid, he had once given up that land.

*Collins* and *Campbell.* *Konkle* was not in poffeffion, when the *Leaches* entered and built their cabbin with the logs of his. *Konkle* abandoned his poffeffion; and *Leach* was working on this land, when *Konkle* returned.— *Leach* has a furvey; *Konkle* has none. *Leach* has not oufted *Konkle* of any land of which he was poffeffed. He yet occupies his houfe and his fields. As to any land now in the poffeffion of *Leach*, you have no evidence of its having been in the poffeffion of *Konkle*, but from his own teftimony; and he is a competent witnefs only as to the force.

*Woods.* It is not neceffary, in order to make a forcible entry an offence, that there fhould be any perfon refiding on the land. Breaking open a dwelling-houfe, 2 *Hawk.* 280, whether any perfon be in it or not, is indictable as a forcible entry.

PRESIDENT. I think that muft be underftood of a dwelling-houfe on premifes of which fome perfon is in poffeffion. Having only cattle on the land has been 2 *Burns, J.* confidered as not being in poffeffion. And the reafon 179.—2 *Bac.* affigned is, becaufe they are not like fervants capable of *Abr.* 558, being fubftituted as agents, and therefore their refiding upon the land continues no poffeffion.

The jury found the defendants guilty.